NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| The Estate of Jeffrey Strouse a/k/a Jeffrey L. Strouse, by and through its Administrator ad Prosequendum, Nicholas Strouse; Nicholas Strouse, in his own right,<br><br>      Plaintiff,<br><br>  v.<br><br>Atlantic County *et al.*,<br><br>      Defendants. | **Civ. Action No. 17cv5662 (RMB)**<br><br>**OPINION** |

**APPEARANCES:**

Conrad J. Benedetto, Esq.
Law Offices of Conrad J. Benedetto
1233 Haddonfield-Berlin Road, Suite 1
Voorhees, NJ 08043
        On behalf of Plaintiff

James T. Dugan, Esq.
Atlantic County Department of Law
1333 Atlantic Avenue, 8th Floor
Atlantic City, NJ 08401
        On behalf of Atlantic County and Joseph Bondiskey

This matter comes before the Court upon Defendants Atlantic County and Joseph Bondiskey's ("the Atlantic County Defendants") motion for summary judgment, originally filed as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) and converted to a motion for summary judgment under Federal Rule of

Civil Procedure 56 by order of the Court. (Order, ECF No. 14.) Plaintiffs initially filed a brief in opposition to the Atlantic County Defendants' motion to dismiss ("Pl's Brief," ECF No. 12.) Defendants filed a reply brief. ("Def's Reply Brief, ECF No. 13.) Upon converting the motion to dismiss to a motion for summary judgment, the Court gave Plaintiffs an opportunity to respond with additional briefing and to file records in opposition to summary judgment but Plaintiffs did not do so. (Order, ECF No. 14.) The Court will decide the motion on the briefs, pursuant to Federal Rule of Civil Procedure 78.

I. BACKGROUND

On August 2, 2017, Plaintiffs, Nicholas Strouse, the duly appointed Administrator ad Prosequendum of the Estate of Jeffrey Strouse; Nicholas Strouse in his own right; Dominique Strouse, by and through the Administrator; and also in her own right, filed a civil action asserting claims under 42 U.S.C. § 1983, the New Jersey Civil Rights Act (NJCRA), state law negligence claims under the New Jersey Tort Claims Act ("TCA"), including wrongful death and a survival action. (Compl., ECF No. 1, ¶¶1-2, 10, 26-65.) In the complaint, Plaintiffs allege the following. Plaintiffs' decedent, Jeffrey Strouse, was brought to Atlantic County Jail on November 24, 2011 on an outstanding warrant, and he was discovered hanging in his cell the next day. (Id., ¶¶19, 22.) John Doe Defendants failed to properly screen and monitor Jeffrey Strouse

for suicidal tendencies, substance abuse issues or psychological problems. (Id., ¶23.) Defendant Atlantic County, by and through Defendant Warden Bondiskey and other policymakers, developed deficient policies and/or customs that caused Jeffrey Strouse's death, including failure to train and supervise staff with respect to screening and monitoring inmates for suicide. (Compl., ECF No. 1, ¶¶26-31.) Plaintiffs allege any statutes of limitations have been tolled by Defendants' withholding and concealment of information, which Defendants refused to provide for years when lawfully requested by Plaintiffs. (Compl., ECF No. 1, ¶¶15-17.)

The Atlantic County Defendants bring this motion for summary judgment based on Plaintiffs' failure to file within the two-year statute of limitations. (Defs' Brief, ECF No. 11-1 at 8-10.) Jeffrey Strouse committed suicide on November 25, 2011. Therefore, the Atlantic County Defendants argue the statute of limitations expired on November 25, 2013.

The Atlantic County Defendants submit that a New Jersey tort claim notice was filed on behalf of Plaintiffs' decedent on December 28, 2011. (Id. at 9; Ex. B, ECF No. 11-2 at 3-4.) Atlantic County sent the attorney who represented Plaintiffs at that time, Alan M. Lands, the specialized notice of claim form adopted by Atlantic County with instructions to complete the form and return it within 30 days. (Defs' Brief, ¶9, Ex. D; ECF No. 11-2 at 6.) On February 22, 2012, Atlantic County sent a letter demanding that

3

Plaintiffs' counsel complete the specialized tort claim form. (Id., ¶10, Ex. E; ECF No. 11-2 at 7.) Similar letters were sent to Justin Strouse on February 29, 2012, March 15, 2012, and April 23, 2012, warning that failure to complete the proper form would result in denial of the claim. (Defs' Brief, ECF No. 11-1, Statement of Facts ¶11; Ex. F, ECF No. 11-2 at 8-10.) On May 4, 2012, a letter was mailed to Justin Strouse, confirming that the tort claim was not being pursued. (Id., Statement of Facts ¶12; Ex. G, ECF No. 11-2 at 11.) N.J.S.A. 59:8-6 permits a public entity to adopt a specific Tort Claim Act form, and Plaintiffs never completed and returned the form. (Defs' Brief, ECF No. 11-1 at 14.)

The Atlantic County Defendants assert Plaintiffs' claims regarding Defendants' refusal to provide lawfully requested information are unsupported. (Defs' Brief, ECF No. 11-1 at 9.) In January 2012, Attorney Alan M. Lands, who represented Plaintiffs at the time the tort claim notice was filed, obtained documents from Atlantic County Justice Facility via an OPRA request. (Id. at 9; ECF No. 11-2 at 5.) If unsatisfied with the response to an OPRA request, one can appeal to the Government Records Council. (Id.) The Atlantic County Defendants also maintain that the Court need not accept as true Plaintiffs' legal conclusion that Defendants concealed information relevant to the death of Jeffrey Strouse. (Id. at 9-10.)

The Atlantic County Defendants further contend that Plaintiffs' New Jersey tort claims are barred because Plaintiffs failed to file a tort claim notice pursuant to N.J.S.A. 59:8-8, failed to file a late notice of tort claim pursuant to N.J.S.A. 59:8-9, and failed to file a notice of tort claim pursuant to N.J.S.A. 59:8-6. (Defs' Brief, ECF No. 11-1 at 10-15.) The Atlantic County Defendants assert that Plaintiff Nicholas Strouse was required by N.J.S.A. 59:8-8 and 59:8-9 to file a tort claim notice within 90 days of his 18th birthday or a late tort claim notice by his 19th birthday, but he did neither. (Defs' Brief, ECF No. 11-1 at 14-15.) He reached the age of majority on August 5, 2015. (Id. at 14.)

In opposition to the Atlantic County Defendants' motion, Plaintiffs assert the statute of limitations was tolled until Nicholas Strouse reached the age of majority; Plaintiffs' claims are timely because they alleged fraudulent concealment; and Plaintiffs filed a tort claim notice. (Pl's Brief, ECF No. 12.) First, Plaintiffs contend the New Jersey infancy tolling doctrine applies to Nicholas Strouse, who was born on August 5, 1997. (Id. at 8; Compl., ECF No. 1, ¶10.) Thus, Strouse reached legal maturity on August 5, 2015, and he timely filed this matter on August 2, 2017. (Id.)

Second, Plaintiffs argue the tort claim notice was filed on behalf of Nicholas Strouse, and that Defendants did not provide a

5

copy of the notice, precluding Plaintiffs from determining that the notice substantially complied with the Act. (Pl's Brief, ECF No. 12 at 12.) Defendants did, however, provide a copy of the tort claim notice. (Def's Brief, Ex. B, ECF No. 11-2 at 3-4.) The Court will review the notice for substantial compliance with the Act in the discussion below.

Third, Plaintiffs argue they adequately alleged fraudulent concealment at the pleading stage by alleging Defendants had a duty to disclose information lawfully requested by Plaintiffs, that Plaintiffs lawfully requested such information that was in Defendants' exclusive control, and Defendants concealed relevant information. (Pl's Brief at 9-10.) Plaintiffs argue that the response to the earlier OPRA request does not demonstrate that nothing was fraudulently concealed from Plaintiffs, and Plaintiffs maintain the response to the OPRA request was insufficient and designed to mislead them. (Id.)

In reply to Plaintiffs' opposition motion, the Atlantic County Defendants contend Plaintiffs have not provided sufficient information to establish a claim of fraudulent concealment. (Defs' Reply Brief, ECF No. 13 at 1.) They also argue Plaintiff was required to file Atlantic County's specific tort claim form, which required more information than provided by Plaintiffs in the tort claim notice filed by Alan M. Lands on their behalf. (Id. at 1-2.)

III. DISCUSSION

    A.    Summary Judgment Standard

Summary Judgment is proper where the moving party "shows that there is no genuine dispute as to any material fact," and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); U.S. ex rel. Kosenske v. Carlisle HMA, Inc., 554 F.3d 88, 94 (3d Cir. 2009). The moving party must demonstrate there is no genuine issue of material fact, and then the burden shifts to the nonmoving party to present evidence to the contrary. Josey v. John R. Hollingsworth Corp., 996 F.2d 632, 637 (3d Cir. 1993) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)).

A party asserting that a fact is or is not genuinely disputed must support the assertion by citing materials in the record, including depositions, documents, affidavits or declarations or other materials. Fed. R. Civ. P. 56(c)(1). "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). "At the summary judgment stage, facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." Scott v. Harris, 550 U.S. 372, 380 (3d Cir. 2007) (citing Fed. Rule Civ. Proc. 56(c)).

    B.    The New Jersey Tort Claims Act

7

Pursuant to the New Jersey Tort Claims Act, "[n]o action shall be brought against a public entity or public employee under this act unless the claim upon which it is based shall have been presented in accordance with the procedure set forth in this chapter." N.J.S.A. 59:8-3.

> A claim for damage or injury arising under this act against the State shall be filed either with (1) the Attorney General or (2) the department or agency involved in the alleged wrongful act or omission. A claim for injury or damages arising under this act against a local public entity shall be filed with that entity.

N.J.S.A. 59:8-7.

A claim must be presented under the Act "not later than the 90th day after accrual of the cause of action. After the expiration of six months from the date notice of claim is received, the claimant may file suit in an appropriate court of law." N.J.S.A. 59:8-8. N.J.S.A. 59:8-8(a) provides that a claimant is forever barred from recovering against a public entity or public employee if the claim was not filed within 90 days of accrual, except as otherwise provided in N.J.S.A. 59:8-9.

Under N.J.S.A. 59:8-9, a claimant may be permitted to file a late notice of claim in the discretion of a judge of the Superior Court, within one year after accrual of the claim, provided that the public entity or public employee has not been substantially prejudiced. "[I]n no event may any suit against a public entity or

a public employee arising under this act be filed later than two years from the time of the accrual of the claim." N.J.S.A. 59:8-9. Minors may commence an action under the Act within the time limits, after reaching the age of majority. N.J.S.A. 59:8-8.

A notice of claim under the Act must include: (1) the name and post office address of the claimant; (2) the mailing address for notices to be sent; (3) the date, place and other circumstances of the occurrence that gave rise to the claim asserted; (4) a general description of the injury, damage or loss incurred; (5) the name or names of the public entity, employee or employees causing the injury, damage or loss, if known; and (6) the amount claimed as of the date of presentation of the claim, including the basis of computation. N.J.S.A. 59:8-4.

"A public entity may by rule or regulation adopt forms specifying information to be contained in claims filed against it or its employee under this act." N.J.S.A. 59:8-6. Such forms may require a claimant to provide additional information or evidence relating to his/her claim. Id. A specialized form under N.J.S.A. 59:8-6 need not be filed within the 90 day limitation period of N.J.S.A. 59:8-4. Newberry v. Township of Pemberton, 319 N.J. Super 671, 679 (App. Div. 1999). The additional information required by the specialized form, however, must be provided on a reasonable basis, and reasonableness is determined by the context. Id.

9

"Courts have invoked the equitable doctrine of substantial compliance to prevent barring legitimate claims due to technical defects" in the notice of claim required under the New Jersey Tort Claims Act. Lebron v. Sanchez, 407 N.J. Super. 204, 215 (App. Div. 2009) (citations omitted). To satisfy the substantial compliance doctrine, the moving party must show:

> (1) the lack of prejudice to the defending party; (2) a series of steps taken to comply with the statute involved; (3) a general compliance with the purpose of the statute; (4) a reasonable notice of petitioner's claim; and (5) a reasonable explanation why there was not strict compliance with the statute.

Id. (quoting Ferreira v. Rancocas Orthopedic Assocs., 178 N.J. 144, 151 (2003)).

Here, a timely notice of claim under N.J.S.A. 59:8-4 was filed on December 28, 2011 by Alan M. Lands on behalf of Plaintiffs and included the following information: (1) that the claim was directed at Atlantic County and Atlantic County Justice Facility as public entities and Warden Joseph M. Bondiskey, public employee, and John Doe Correction Officers, public employees; (2) the address of the Estate of Jeffrey Strouse; (3) Plaintiff's counsel's address; (4) that Jeffrey Strouse committed suicide in Atlantic County Justice Facility on November 25, 2011; (5) that claimants' injuries included a wrongful death claim on behalf of the decedent's four children and a survivorship claim arising out of asphyxiation; (6) that the claimants' injuries were sustained as a result of a

violation of the Eighth Amendment and 42 U.S.C. § 1983; (7) that the identities of the John Doe Defendants would be supplied as soon as identified; and (8) that damages could not be estimated at that time. (Defs' Brief, Ex. B., ECF No. 11-2 at 3-4.) Based on the record before this Court, Plaintiffs never supplied any additional information for their tort claim notice. Plaintiffs were given an opportunity, after the Court converted the motion to dismiss to a motion for summary judgment, to provide additional briefing and any materials in opposition to summary judgment. (Order, ECF No. 14.) Thus, Plaintiffs had an opportunity to argue substantial compliance with the tort claim notice by explaining why there was no prejudice to defendants, and to present a reasonable explanation why there was not strict compliance with the statute, and they did not do so.

Nicholas Strouse, the present Administrator ad Prosequendum of the Estate of Jeffrey Strouse, reached the age of majority on August 5, 2015, and filed this action on August 2, 2017. To date, Plaintiffs have not provided Atlantic County with the information required by Atlantic County's specialized form under N.J.S.A. 59:8-6, nor have Plaintiffs supplied the identity of any of the John Doe Defendants or estimated the damages as required under N.J.S.A. 59:8-4. See Young v. City of Newark, Civ. Action No. 17-1668-SDW-LDW, 2017 WL 3498941, at *5 (D.N.J. Aug. 15, 2017) (dismissing TCA claims where the plaintiff did not allege that he

completed the specialized form under N.J.S.A. 89:8-6 at any time); see e.g. Hood v. Ramagopal, 2015 WL 5008979 (App. Div. Aug. 18, 205) (holding there were no extraordinary circumstances present for Superior Court to grant late notice of claim for wrongful death claim.)

Again, Plaintiffs did not describe "a series of steps taken to comply with the statute involved" or "a reasonable explanation why there was not strict compliance with the statute," when given an opportunity to submit additional briefing and other materials in opposition to summary judgment. See Walker v. Towers, 2014 WL 7010776, at *3 (App. Div. Dec. 15, 2014) (the doctrine of substantial compliance "can only apply if there is no prejudice to the other party and if there is a reasonable explanation why there was not strict compliance with the statute") (quoting Cnty of Hudson v. State of New Jersey, Dep't of Corr., 208 N.J. 1, 22 (2011) (citations and internal quotation marks omitted)). Based on the record before this Court, Nicholas Strouse has not taken any steps to provide Atlantic County with a computation of damages or the names of the John Doe Defendants or any additional information required on Atlantic County's specialized tort claim form since reaching the age of majority. Therefore, the Court concludes Plaintiffs have not met their burden to establish substantial compliance with N.J.S.A. 59:8-4. The Court grants summary judgment to the Atlantic County Defendants on Plaintiffs' New Jersey tort

12

claims. The procedural requirements of the TCA do not apply to claims under the NJCRA. Owens v. Feigin, 194 N.J. 607, 609 (2008). Therefore, the Court considers those claims below.

   C. Statute of Limitations on Section 1983 and New Jersey Civil Rights Act Claims

"This district has repeatedly interpreted NJCRA analogously to § 1983." Hottenstein v. City of Sea Isle City, 977 F.Supp.2d 353, 365 (D.N.J. 2013), amended, No. CV 11-740 (JEI/JS), 2013 WL 12152481 (D.N.J. Oct. 16, 2013) (quoting Pettit v. New Jersey, 2011 WL 1325614, at *3 (D.N.J. Mar. 30, 2011)). "The NJCRA and § 1983, when pled together, are analyzed under the same standard..." Id. The statute of limitations for claims under the NJCRA is two years. Lapolla v. County of Union, 449 N.J. Super. 288, 298 (App. Div. 2017) (citing N.J.S.A. 2A:14-2(a)).

State law provides the statute of limitations for a claim under 42 U.S.C. § 1983 and determines when the claim accrues. Dique v. New Jersey State Police, 603 F.3d 181, 185 (3d Cir. 2010). A § 1983 claim is a personal injury claim, and therefore is governed by New Jersey's two-year statute of limitations for personal injury torts. Id. State law, unless inconsistent with federal law, also governs whether the statute of limitations should be tolled. Id.

Personal injury actions under N.J.S.A. 2A:14-2 are governed by the New Jersey infancy tolling statute, N.J.S.A. 2A:14-21. Rolax

v. Whitman, 175 F.Supp.2d 720, 726 (D.N.J. 2001) aff'd 53 F. App'x 635 (3d Cir. 2002). N.J.S.A. 2A:14-21 provides, in relevant part:

> If a person entitled to commence an action or proceeding specified in N.J.S.2A:14-1 to 2A:14-8 or N.J.S.2A:14-16 to 2A:14-20 … is under the age of 18 years … the person may commence the action … within the time as limited by those statutes, after reaching majority…

In this case, Plaintiff Nicholas Strouse reached the age of majority on August 5, 2015. He filed this action on August 2, 2017. Therefore, Plaintiffs' NJCRA and § 1983 claims are not barred by the statute of limitations. The Court denies the Atlantic County Defendants' motion for summary judgment on Plaintiffs' § 1983 and NJCRA claims.

IV. CONCLUSION

For the reasons discussed above, the Court grants in part and denies in part the Atlantic County Defendants' motion for summary judgment. Summary Judgment is granted to the Atlantic County Defendants on Plaintiffs' New Jersey tort claims for failure to comply with the TCA notice of claim requirement. Summary Judgment is denied to the Atlantic County Defendants on Plaintiffs' NJCRA and § 1983 claims because the claims were filed within the two-year statute of limitations based on New Jersey's infancy tolling provision.

An appropriate Order follows.

Date:  May 30, 2018                     s/Renée Marie Bumb
                                        RENÉE MARIE BUMB
                                        United States District Judge