**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | |
|---|---|
| The Estate of Jeffrey Strouse a/k/a Jeffrey L. Strouse, by and through its Administrator ad Prosequendum, Nicholas Strouse and Nicholas Strouse, in his own right, | **Civ. Action No. 17cv5662 (RMB)** |
| Plaintiffs, | **OPINION** |
| v. | |
| Atlantic County *et al.*, | |
| Defendants. | |

**APPEARANCES:**

John E. Kusturiss, Jr., Esq.
Conrad J. Benedetto, Esq.
Law Offices of Conrad J. Benedetto
1233 Haddonfield-Berlin Road, Suite 1
Voorhees, NJ 08043
        On behalf of Plaintiff

James T. Dugan, Esq.
Atlantic County Department of Law
1333 Atlantic Avenue, 8th Floor
Atlantic City, NJ 08401
        On behalf of Atlantic County and Joseph Bondiskey

Stephen D. Holtzman, Esq.
Jeffery S. McClain, Esq.
Holtzman & McClain, PC
524 Maple Avenue, Suite 200
Linwood, NJ 08221
        On behalf of CFG Health Systems, LLC

This matter comes before the Court upon Defendant Atlantic County's and Joseph Bondiskey's ("the Atlantic County Defendants") Motion to Dismiss Plaintiff's Amended Complaint ("Atlantic County Defs' Mot. to Dismiss, ECF No. 32; Defendants' Brief in Support of Motion to Dismiss Plaintiffs' Amended Complaint ("Atlantic County Defs' Brief, ECF No. 32-1); Plaintiffs' Brief in Opposition to the Atlantic County Defendants' Motion to Dismiss Plaintiffs' Amended Complaint ("Pls' Opp. Brief to Mot. to Dismiss Am. Compl.", ECF No. 36); Atlantic County Defendants' Reply Brief in Support of Motion to Dismiss Plaintiffs' Amended Complaint ("Atlantic County Defs' Reply Brief," ECF No. 38); Defendant CFG Health System LLC's Motion for Summary Judgment ("CFG's Mot. for Summ. J.," ECF No. 39; CFG's Brief in Support of Motion for Summary Judgment ("CFG's Brief in Supp. of Summ. J."), ECF No. 39-9); CFG's Statement of Material Facts, ECF No. 39-2); Plaintiffs' Brief in Opposition to Defendant CFG Health Systems LLC's Motion for Summary Judgment ("Pls' Brief in Opp. to CFG's Mot. for Summ. J.," ECF No. 40); Reply Brief to Plaintiffs' Summary Judgment Opposition ("CFG's Reply Brief," ECF No. 41.) The Court will decide the motions on the briefs, pursuant to Federal Rule of Civil Procedure 78. For the reasons discussed below, the Court denies the Atlantic County Defendants' motion to dismiss the amended complaint and grant CFG's motion for summary judgment.

I.   THE AMENDED COMPLAINT

After the Court granted in part and denied in part the Atlantic County Defendants' motion to dismiss Plaintiffs' complaint, converted to a motion for summary judgment (Opinion, ECF No. 15), Plaintiffs filed an amended complaint on October 10, 2018. (Am. Compl., ECF No. 28.)

According to the caption of the amended complaint, the plaintiffs are Nicholas Strouse, Administrator Ad Prosequendum of the Estate of Jeffrey Strouse; and Nicholas Strouse in his own right. (Id., at 1.) Dominique Strouse is not named in the caption but is named a plaintiff in the "Parties" section. (Id., ¶10.) The defendants to the amended complaint are Atlantic County; CFG Health Systems Inc., LLC; Joseph Bondiskey, Warden Atlantic County Jail in his individual capacity (retired); John Doe Corrections Officers 1-10 employed by the Atlantic County Department of Corrections, acting under the supervision of Atlantic County and Warden Joseph Bondiskey, in their individual capacities. (Id., ¶¶11-14.)

Plaintiffs assert the following factual allegations in the amended complaint. Decedent, Jeffrey Strouse, was brought to Atlantic County Jail on November 24, 2011, on an outstanding warrant. (Id., ¶15.) Upon booking Strouse, John Doe Corrections Officers 1-10 and representatives or employees of CFG Health

Systems, LLC ("CFG") were required to screen Strouse to determine whether he presented a risk for self-harm or suicide. (Am. Compl., ECF No. 28, ¶16.) On November 25, 2011, Jeffrey Strouse was discovered hanging in his cell in Atlantic County Jail. (Id., ¶18.) Defendants failed to properly screen and monitor Jeffrey Strouse to prevent his self-harm or suicide, and they failed to house him in an area where he was unable to hang himself. (Id., ¶¶19, 20.)

Plaintiff Nicholas Strouse, on behalf of the Estate of Jeffrey Strouse and in his own right, brings the First Claim for Relief asserting federal constitutional violations by the Atlantic County Defendants, as policymakers, for failing to properly inspect the cells, for developing deficient policies and/or customs that caused a deprivation of Jeffrey Strouse's constitutional rights, and for failure to properly train and supervise John Doe Corrections Officers and CFG regarding screening inmates for psychological problems, substance abuse, and self-harm or suicidal tendencies; failure to properly train and supervise John Doe Corrections and CFG to monitor inmates with a prior history of medical and/or emotional issues; and failure to properly train and supervise John Doe Corrections Officers and CFG to maintain a safe environment and keep inmates safe from injury, harm or death. (Id., ¶¶23-27.)

Plaintiff Nicholas Strouse, on behalf of the Estate of Jeffrey Strouse and in his own right, brings the Second Claim for Relief

against John Doe Corrections Officers and CFG for federal constitutional violations, asserting that Defendants had full control over Jeffery Strouse's housing and health care needs and violated his rights under the Eighth and Fourteenth Amendments to be incarcerated "in a safe and suitable environment, and to be safe from injury, harm or death while incarcerated at the Atlantic County Jail." (Am. Compl., ECF No. 28, ¶¶30-33.)

Plaintiff Nicholas Strouse, on behalf of the Estate of Jeffrey Strouse and in his own right, brings the Third Claim for Relief against Warden Bondiskey under 42 U.S.C. § 1983, for failure to properly screen inmates, failure to adequately house inmates, failure to adequately monitor inmates, and failure to protect inmates from harm. (Id., ¶¶38-42.)

Plaintiffs' Fourth Claim for Relief is against all defendants for violation of the New Jersey Civil Rights Act, N.J.S.A. 10:6-1 et seq., for failing to properly screen, monitor and protect Jeffrey Strouse and failing to adequately train or supervise John Doe Corrections Officers and CFG employees in proper screening, monitoring and protecting inmates. (Id., ¶¶44-47.)

Plaintiff Nicholas Strouse as Administrator Ad Prosequendum of the Estate of Jeffrey Strouse brings a wrongful death claim under New Jersey state law against all defendants in his Fifth Claim for Relief. (Am. Compl., ECF No. 28, ¶¶48-53.)

Plaintiffs' Sixth Claim for Relief is a survival action under New Jersey law. (Am. Compl., ECF No. 28, ¶¶54-59.) Plaintiffs acknowledge that this claim was filed in error because the Court previously dismissed all New Jersey tort claims. (Pls' Opp. Brief to Mot. to Dismiss Am. Compl., ECF No. 36 at 8.) The Court will dismiss the survival claim with prejudice.

## II. DISCUSSION

### A. The Parties' Arguments

#### 1. Atlantic County Defendants' Motion to Dismiss

The Atlantic County Defendants contend that Plaintiffs' federal and state constitutional claims expired on November 25, 2013 and the amended complaint should be dismissed in its entirety as barred by the two-year statute of limitations. (Atlantic County Defs' Brief, ECF No. 32-1 at 7-9.) The Atlantic County Defendants assert that the statute of limitations is triggered by the decedent's date of death, not the age of the Administrator Ad Prosequendum. (Id. at 9.)

#### 2. Plaintiffs' Brief in Opposition to the Atlantic County Defendants' Motion to Dismiss Plaintiffs' Amended Complaint

Plaintiffs contend that the New Jersey infancy tolling doctrine tolls the two-year statute of limitations until Plaintiff Nicholas Strouse, Administrator Ad Prosequendum of the Estate of Jeffrey Strouse, born on August 5, 1997, reached the age of eighteen on August 5, 2015. (Pls' Opp. Brief to Mot. to Dismiss

Am. Compl., ECF No. 36 at 8.) Plaintiffs further assert that the Court has already denied the Atlantic County Defendants' motion for summary judgment of the original complaint, finding that the infancy tolling doctrine applied to toll the statute of limitations on Plaintiffs' § 1983 and NJCRA claims. (Id. at 4-5.)

### 3. Atlantic County Defendants' Reply Brief in Support of Motion to Dismiss Plaintiffs' Amended Complaint

The Atlantic County Defendants, in reply, assert that the Plaintiff in this matter is Jeffrey Strouse, and the fact that his son is the Administrator Ad Prosequendum has no bearing on the statute of limitations, and further that Nicholas Strouse has no individual claims of his own. (Atlantic County Defs' Reply Brief, ECF No. 38 at 5.) The Atlantic County Defendants rely on Anderson v. County of Monmouth, No. 05-1809, 2005 WL 3588531, at *9-10 (D.N.J. Dec. 30, 2005), where the District Court held that the New Jersey infancy doctrine applies to the limitations period for wrongful death claims asserted on behalf of a minor, but not to the claims asserted by the adult plaintiffs. (Id.)

### 4. CFG's Motion for Summary Judgment

In support of its motion for summary judgment, CFG contends that: 1) all claims for injuries to decedent Jeffrey Strouse [§ 1983 and NJCRA] are barred by the statute(s) of limitations; 2) all claims by the then-minor child(ren) of Jeffrey Strouse are barred by the statute(s) of limitations; 3) alternatively, all

claims must be dismissed as barred by the statute(s) of limitations with respect to Defendant CFG. (CFG's Brief in Supp. of Mot. for Summ. J., ECF No. 39-9 at 8.)

a.   <u>Section 1983 and NJCRA Claims</u>

Jeffrey Strouse died on or about November 25, 2011. (<u>Id.</u> at 6, citing Am. Compl., ECF No. 28, ¶¶2, 18). Nicholas Strouse, Administrator Ad Prosequendum and a plaintiff in his own right, is the son of decedent Jeffrey Strouse and was a minor on November 25, 2011, having been born on August 5, 1997 (<u>Id.</u>, citing Am. Compl., ¶10.) For actions brought under 42 U.S.C. § 1983, the statute of limitations is two years. (<u>Id.</u> at 13, citing N.J.S.A. 2A:14-2(a)).

CFG contends that because the alleged § 1983 violations were not an "injury to the person"[1] of the Administrator Ad Prosequendum/beneficiary, the minority tolling provision of N.J.S.A. 2A:14-21 does not apply to claims for injuries suffered by the decedent. (CFG's Brief in Supp. of Mot. for Summ. J., ECF

---

[1] The New Jersey personal injury statute of limitations, N.J.S.A. 2A:14-2 provides, in relevant part:

> (a).  Every action at law *for an injury to the person* caused by the wrongful act, neglect or default of any person within this States shall be commenced within two years next after the cause of any such action shall have accrued;
> ….

(emphasis added).

No. 39-9 at 14.) Although the claim of a minority beneficiary for loss of guidance, advice and counsel suffered by that minority beneficiary pursuant to N.J.S.A. 2A:31-5 (death by wrongful act) may be tolled until majority, the claims for personal injury (negligence, civil rights violations, etc.) suffered by the decedent are not tolled because the Administrator Ad Prosequendum happened to be a minor at the time of those alleged violations. (Id.)

### b. New Jersey Wrongful Death Act Claim

Plaintiffs have also brought a wrongful death claim against CFG pursuant to N.J.S.A. 2A:31-3. (Id. at 19.) CFG contends that this claim also belongs to the decedent and/or his estate, and therefore the infancy tolling doctrine does not apply based on the age of the Administrator Ad Prosequendum. (Id.) CFG concedes that infancy tolling would apply for damages allegedly suffered by minor beneficiaries at the time of death, but that these claims were dismissed by the Court's May 30, 2018 Opinion and Order. (Id., n. 4.)

### c. Claims brought by Nicholas Strouse and Dominique Strouse in their own rights

The plaintiffs in this action include Nicholas Strouse and Dominique Strouse in their own rights. (CFG's Brief in Supp. of Mot. for Summ. J., ECF No. 39-9 at 21.) CFG contends Nicholas and

Dominique Strouse do not have any independent § 1983 or NJCRA claims because those claims belong to the estate. (<u>Id.</u>)

### d. <u>New Jersey Relation Back Rule 4:9-3 does not apply to claims against CFG</u>

CFG contends that it was not named as a defendant in the original complaint and that the relation-back doctrine, N.J. Court Rule 4:9-3, does not bring the claims in the amended complaint against CFG within the statute of limitations. (CFG's Brief in Supp. of Mot. for Summ. J., ECF No. 39-9 at 23.) New Jersey's relation back rule "permits the addition of a new claim or a new party when the initial complaint did not contemplate the need for such amendment." (<u>Id.</u>, quoting <u>Viviano v. CBS, Inc.</u>, 101 N.J. 538, 552 (1986)). CFG argues that because Plaintiffs filed suit against John Doe Corrections Officers 1-10, John Doe Healthcare Providers 1-10 and Fictitious Entities 1-10, the original complaint presupposed the need for later amendment, and therefore, the New Jersey fictitious party rule governs the amended complaint in this case. (<u>Id.</u> at 23-24.)

### e. <u>New Jersey Fictitious Party Rule 4:26-4 was not properly invoked</u>

The fictitious party rule, New Jersey Rule 4:26-4, is not available if a plaintiff should have known the defendant's identity prior to the expiration of the statute of limitations, by exercise of due diligence. (CFG's Brief in Supp. of Mot. for Summ. J., ECF No. 39-9 at 24, citing <u>DeRienzo v. Harvard Indus., Inc.</u>, 357 F.3d

348, 353 (3d Cir. 2004) (additional citations omitted)). In support

of Plaintiffs' lack of due diligence, CFG notes that on March 29,

2017, Plaintiffs' counsel filed suit against Atlantic County,

Warden Geraldine Cohen and CFG, in Estate of Semprevivo v. Atlantic

County, 17-cv-2050, identifying CFG as follows:

> CFG Health Systems, LLC, ("CFG"), with
> corporate offices located at 765 East Route
> 40, Building A-101, Marlton, New Jersey 08053,
> contractually provides health care services to
> inmates at the Atlantic County Jail.

(CFG's Brief in Supp. of Mot. for Summ. J., ECF No. 39-9 at 25;

Exhibit E, ¶12.) CFG concludes that Plaintiffs were aware of the

existence of CFG and its contractual relationship with Atlantic

County to provide health care services to inmates at the Atlantic

County jail at least four months prior to the running of the

wrongful death statute of limitations in this action on August 5,

2017 and yet did not identify CFG in the original complaint. (Id.)

Thus, Plaintiffs' failed to use due diligence to discover CFG's

identity and bring suit in a timely manner. (Id.)

        5.    Plaintiffs' Brief in Opposition to Defendant CFG
              Health Systems LLC's Motion for Summary Judgment

     As to the statute of limitations defense raised by CFG,

Plaintiffs incorporate their response to the Atlantic County

Defendants' motion. (Pl's Brief in Opp. to Def. CFG's Mot. for

Summ. J., ECF No. 40 at 6.) Plaintiffs also contend that they

successfully invoked New Jersey's fictitious party rule prior to

the expiration of the limitations period by naming John Doe Health Care Providers 1-10 and/or fictitious entities 1-10 as defendants. (Pl's Brief in Opp. to Def. CFG's Mot. for Summ. J., ECF No. 40 at 6.) CFG was not prejudiced because no meaningful discovery was conducted before they were brought into this action. (Id.)

### 6. CFG's Reply Brief to Plaintiffs' Summary Judgment Opposition

Assuming arguendo that the Wrongful Death Act Claim against CFG is not barred by the statute of limitations, CFG asserts that Plaintiff failed to meet the requirements of the New Jersey Tort Claim Act and those claims were previously dismissed. (CGF's Reply Brief to Pl's Summ. J. Opp., ECF No. 41 at 6.)

CFG also reiterates that the fictitious party rule may be used only if the plaintiff exercised due diligence to ascertain the defendant's true name before and after filing the complaint. (Id. at 7.) Plaintiffs have not pointed to any affirmative action taken prior to filing the original complaint to determine whether or not CFG Health Systems, LLC was the contract provider of medical services at Atlantic County Jail on the date of Jeffrey Strouse's booking. (Id. at 8-10.)

### B. Standard of Law

#### 1. Motion to Dismiss

A party may raise a statute of limitations defense in a Rule 12(b)(6) motion only if the time alleged in the complaint shows

that the cause of action was not brought within the statute of limitations. Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014). In deciding the statute of limitations defense in a motion to dismiss, courts may consider only the allegations contained in the complaint, exhibits attached to the complaint, matters of public record, and documents integral to or explicitly relied on in the complaint. Id.

### 2. Summary Judgment

Summary Judgment is proper where the moving party "shows that there is no genuine dispute as to any material fact," and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Goldstein v. Repossessors Inc., 815 F.3d 142, 146 (3d Cir. 2016). The moving party has the burden to identify portions of the record that establish the absence of a genuine issue of material fact, and then the burden shifts to the nonmoving party to "come forward with 'specific facts showing that there is a genuine issue for trial.'" Santini v. Fuentes, 795 F.3d 410, 416 (3d Cir. 2015) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)).

A party asserting that a fact is or is not genuinely disputed must support the assertion by citing materials in the record, including depositions, documents, affidavits or declarations or other materials. Fed. R. Civ. P. 56(c)(1). When determining a motion for summary judgment, courts must construe all evidence in

the light most favorable to the nonmoving party, and courts are not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. <u>Santini</u>, 795 F.3d at 416.

## C. Statute of Limitations on Section 1983 and New Jersey Civil Rights Act Claims as to all Defendants

On May 30, 2018, this Court denied Atlantic County Defendants' first motion to dismiss based on the statute of limitations defense, converted to a motion for summary judgment,. (Opinion, ECF No. 15; Order, ECF No. 16.) There are no new facts in the amended complaint relevant to the statute of limitations issue. There is, however, a new defendant, CFG, and it also raises a statute of limitations defense to Plaintiff's § 1983 and NJCRA claims.

"[T]he 'NJCRA[2] was intended to serve as an analog to [Section 1983]; it was intended to 'incorporate and integrate seamlessly' with existing civil rights jurisprudence." <u>Chapman v. N.J.</u>, No. CIV. 08-4130(AET), 2009 WL 2634888, at *3 (D.N.J. Aug. 25, 2009) (quoting <u>Slinger v. State of New Jersey</u>, 2008 U.S. Dist. LEXIS 71723, at *15.) Therefore, "[c]ourts have repeatedly construed the NJCRA in terms nearly identical to … Section 1983." <u>Id.</u> (citing <u>Newport v. Fact Concerts</u>, 453 U.S. 247, 259-261 (1981); <u>Allen v. Fauver</u>, 768 A.2d 1055 (2001)); <u>see</u> <u>Waselik v. Township of Sparta</u>,

---

[2] N.J.S.A. 10:6-2 *et seq.*

Civ. No. 16-4969 (KM-JBC), 2017 WL 2213148 (D.N.J. May 18, 2017) ("Like other federal and state courts before me, I conclude that NJCRA, like § 1983, is subject to the State's general two-year personal injury statute of limitations") (citations omitted). The Court will address Plaintiff's § 1983 and NJCRA claims together.

"[A] Section 1983 cause of action will survive the complainant's death if it would do so under state law." Endl v. New Jersey, 5 F. Supp. 3d 689, 696 (D.N.J. 2014) (citing Robertson v. Wegmann, 436 U.S. 584, 593 (1978); Giles v. Campbell, 698 F.3d 153, 156 (3d Cir. 2012)). "Under New Jersey law, an executor or administrator may pursue an action based on 'the wrongful act, neglect, or default of another, where death resulted from injuries for which the deceased would have had a cause of action if he lived.'" Id. (quoting N.J.S.A. 2A:15-3). An action under N.J.S.A. 2A:15-3 must be brought in the name of an administrator ad prosequendum of the decedent. Id. (quoting N.J.S.A. 2A:31-2.) Section 1983 incorporates state law limitations on representative capacity; therefore, the only plaintiff with standing to bring the 1983 and NJCRA claims is the administrator ad prosequendum. Endl, 5 F. Supp. 3d at 696.

State law provides the statute of limitations for a claim under 42 U.S.C. § 1983 and determines when the limitations period tolls. Dique v. New Jersey State Police, 603 F.3d 181, 185 (3d Cir. 2010). A § 1983 claim is a personal injury claim, and

therefore is governed by New Jersey's two-year statute of limitations for personal injury torts. <u>Dique</u>, 603 F.3d at 185; <u>see</u> <u>Bartow v. Cambridge Springs SCI</u>, 285 F. App'x 862, 863-64 (3d Cir. 2008) (the choice of the general personal injury statute of limitations as the limitations period for a § 1983 action is supported by the nature of the § 1983 remedy, and by the federal interest in ensuring that the borrowed period of limitations not discriminate against the federal civil rights remedy.")

CFG contends that because the alleged § 1983 violations were not an "injury to the person" of the administrator ad prosequendum/beneficiary, the minority tolling provision of N.J.S.A. 2A:14-21 does not apply to claims for injuries suffered by the decedent.

The plain language of New Jersey's infancy tolling provision, N.J.S.A. 2A:14-21, provides, in relevant part:

> If a person entitled to commence an action or proceeding specified in N.J.S.2A:14-1 to 2A:14-8 or N.J.S.2A:14-16 to 2A:14-20 … is under the age of 18 years … the person may commence the action … within the time as limited by those statutes, after reaching majority….

Thus, New Jersey's infancy tolling provision expressly states that it is applicable to personal injury actions under N.J.S.A. 2A:14-2, which provides the statute of limitations for § 1983 actions. <u>See</u> <u>Rolax v. Whitman</u>, 175 F.Supp.2d 720, 726 (D.N.J. 2001) <u>aff'd</u> 53 F. App'x 635 (3d Cir. 2002) (finding all claims, including

§ 1983 claim, were tolled by infancy tolling doctrine; however, the plaintiff did not timely file the complaint, even when tolled for the plaintiff's infancy.) It is a well-settled principle that the statute of limitations for a § 1983 action, which may only be brought by an administrator ad prosequendum on behalf of the decedent's estate, is governed by the state's general personal injury statute of limitations.

Furthermore, because New Jersey's wrongful death statute is the basis for an administrator ad prosequendum's standing to bring a § 1983 action on behalf of the decedent's estate, it is instructive that New Jersey courts have determined that the infancy tolling doctrine applies to wrongful death actions. See LaFage v. Jani, 766 A.2d 1066, 1072–73 (N.J. 2001) ("our examination of the issue whether there should be infancy tolling of wrongful death claims, leads us to conclude that the Legislature would not have intended to preclude it." In LaFage, the New Jersey Supreme Court reasoned that

> [t]he Legislature does not expect a child under the Wrongful Death Act 'to understand or act upon his legal rights; he should not be made to suffer for failure to do so. Nor should he be penalized for the ignorance or neglect of his parents or guardian in failing to assert those rights.'

LaFage, 766 A.2d at 1073 (quoting O'Connor v. Abraham, 335 A.2d 545 (1975) (Pashman, J., concurring and dissenting)). Further, the court noted that "the death of a parent [is] essentially an injury

17

to the child, much like a child's own physical injury, and therefore the child's wrongful death claim should be tolled, in the same way that his or her injury would be tolled under N.J.S.A. 2A:14-2." LaFage, 766 A.2d at 1074 (quoting Barbaria v. Township of Sayreville, 467 A.2d 259 (App. Div. 1983)). "NJSA 2A:14-21[] should be construed to toll as well wrongful death actions by infants because such actions are fairly encompassed by the limitations provisions applicable to actions for injury to the person." Id. at 1075. For the same reasons, the infancy tolling doctrine applies to § 1983 actions brought by a decedent's estate.

In this case, Plaintiff Nicholas Strouse, administrator ad prosequendum, who had standing to bring the § 1983 claims and was a minor at the time of his father's death, reached the age of majority on August 5, 2015. He filed this action within two-years of reaching the age of majority, on August 2, 2017. "[I]n general, construction of statutes and court rules to extend time on behalf of infants, in reality, extends time for representatives acting on the infants' behalf." Barbaria v. Sayreville Twp., 467 A.2d 259, 263 (App. Div. 1983) (citing e.g., In re Karamus, 461 A.2d 1193 (App. Div. 1983); Wilkins v. Smith, 436 A.2d 951 (App. Div. 1981)). Therefore, Plaintiffs' NJCRA and § 1983 claims are not barred by the statute of limitations.

D. Claims brought by Nicholas Strouse and Dominique Strouse in their own rights

The claims in the amended complaint, brought under § 1983, the NJCRA and N.J.S.A. 2A:3101 *et seq.*, must be brought by the administrator ad prosequendum of the decedent's estate. N.J.S.A. 2A:31-2 ("every action commenced under this chapter shall be brought in the name of an administrator ad prosequendum of the decedent for whose death damages are sought"; see *e.g.* Endl, 5 F. Supp. 3d at 696 (administrator of decedent's estate had standing to bring § 1983 and NJCRA claims). Therefore, Nicholas Strouse and Dominique Strouse have no claims in their own right.

E.    Use of New Jersey's Fictitious Party Rule

The parties do not dispute that Plaintiffs alleged claims against John Doe Entities 1-10 in the original complaint on August 2, 2017, and that the amended complaint, filed on October 10, 2018, names CFG Health Systems, LLC as one of the John Doe entities. CFG contends, assuming arguendo that the statute of limitations expired on August 5, 2017, two years after Nicholas Strouse reached the age of majority, that Plaintiffs did not exercise due diligence in discovering its identity before expiration of the limitations period. CFG points to the fact that Plaintiffs' counsel, in another action in this Court on March 29, 2017, identified CFG as the entity providing healthcare for Atlantic County Jail. (CFG's Mot. for Summ. J., Ex. E, ECF No. 39-8.) Lacking due diligence in identifying CFG in this action, CFG asserts that Plaintiff cannot

invoke New Jersey's fictitious party rule to bring claims against it within the statute of limitations.

New Jersey Court Rule 4:26-4, Fictitious Names; In Personam Actions, provides, in relevant part:

> In any action … if the defendant's true name is unknown to the plaintiff, process may issue against the defendant under a fictitious name, stating it to be fictitious and adding an appropriate description sufficient for identification. Plaintiff shall on motion, prior to judgment, amend the complaint to state defendant's true name, such motion to be accompanied by an affidavit stating the manner in which that information was obtained.

Plaintiff's amended complaint was not accompanied by an affidavit stating the manner in which CFG's true name was identified.

"The identification of a defendant by a fictitious name, as authorized by Rule 4:26-4, may be used only if a defendant's true name cannot be ascertained by the exercise of due diligence prior to filing the complaint." Claypotch v. Heller, Inc., 823 A.2d 844, 848 (App. Div. 2003) (citing Mears v. Sandoz Pharms., Inc., 693 A.2d 558 (App. Div. 1997); Cardona v. Data Sys. Computer Ctr., 618 A.2d 864 (App. Div. 1992)). "If a defendant is properly identified by a fictitious name before expiration of the applicable limitations period, an amended complaint substituting a fictitiously named defendant's true name will relate back to the date of filing of the original complaint." Id. (citing Viviano v. CBS, Inc., 503 A.2d 296 (1986); Farrell v. Votator Div. of

_Chemetron Corp._, 299 A.2d 394 (1973)). However, a plaintiff may not benefit from this rule if he/she did not proceed with due diligence in ascertaining the defendant's true name. _Claypotch_, 823 A.2d at 848.

Here, Plaintiffs did not describe any actions that they took before or after filing the original complaint to identify the entity providing healthcare services to Atlantic County Jail at the time of Jeffrey Strouse's death. CFG came forward with evidence that Plaintiff's counsel knew on March 29, 2017 that CFG provided healthcare services to Atlantic County Jail. Plaintiffs offer no explanation why they did not identify CFG in an amended complaint before October 10, 2018. Therefore, Plaintiffs cannot benefit from New Jersey's fictitious party rule to bring claims against CFG after the statute of limitations expired on August 5, 2017. _See_ _McGill v. John Does A-Z_, 541 F. App'x 225, 228 (3d Cir. 2013) (the plaintiff's efforts to identify John Doe after filing complaint could not make up for lack of diligence for four years before filing complaint). The Court will dismiss the § 1983, NJCRA and Wrongful Death Act claims against CFG with prejudice because they are barred by the statute of limitations.

III. CONCLUSION

For the reasons discussed above, the Court denies the Atlantic County Defendants' motion to dismiss the amended complaint and

grants CFG's motion for summary judgment on the statute of limitations defense.

An appropriate Order follows.

Date: June 24, 2019            s/Renée Marie Bumb
                                      **RENÉE MARIE BUMB**
                                      **United States District Judge**